IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LEWIS THOMAS CORNELL,            )
                                 )
                 Petitioner,     )
                                 )      1:17CV878
         v.                      )
                                 )
UNITED STATES OF AMERICA,        )
                                 )
                 Respondent.     )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner serving a sentence imposed in this court in case number 1:00CR204-3, submitted a Motion seeking a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A). That statute provides that:

> the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> (i)   extraordinary and compelling reasons warrant such a reduction; or
> (ii)  the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

However, as reflected in the statutory language, that statute authorizes the Court to act only pursuant to a motion filed by the Director of the United States Bureau of Prisons. No

such motion has been filed in this case. Petitioner nevertheless asks the Court to order the Director to file such a motion or to recommend that the Director file such a motion. However, the § 3582(c)(1)(A) process is guided by specific regulatory provisions and internal Bureau of Prisons guidance. See e.g., 28 C.F.R. § 571.60 - § 571.64; see also Bureau of Prisons Program Statement 5050.49, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g). Plaintiff has not presented any statutory or procedural basis for the Court to preemptively intervene in that process

Ultimately, it appears that Petitioner is challenging the decision by the Director of the Bureau of Prisons not to file such a motion. However, such a challenge is an attack on the execution of his sentence. Where a petitioner attacks the execution and not imposition of a sentence, his petition invokes 28 U.S.C. § 2241. See, e.g., Youngworth v. United States Parole Commission, 728 F. Supp. 384, 388 (W.D.N.C. 1990). Therefore, the Court has treated Petitioner's filing as a Petition under § 2241.[1] Petitioner also filed a Motion [Doc. #2] to supplement his filing. The Court will grant that Motion and has considered the materials in the Supplement. However, viewing Petitioner's filing as a § 2241 Petition, it is clear that he brings it in the wrong district. A § 2241 action challenging the execution of the sentence of a petitioner in physical custody within the United States should be filed

---

[1] Petitioner states that he cannot successfully seek relief in this instance under § 2241. This may well be correct. However, even if true, his filing constitutes an attack on the execution of his sentence and such attacks fall under § 2241. The fact that the claims may not have merit does not change this or allow Petitioner to then use another statute of his choosing.

2

in the district court of the district where the petitioner is in custody.  See Kanai v. McHugh, 638 F.3d 251, 255 (4th Cir. 2011) (citing Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004)).  It appears that Petitioner is incarcerated in the Western District of Missouri.  Accordingly, Petitioner should seek the proper forms from the Clerk of that district and file any § 2241 petition there.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation of dismissal with permission to file a new petition in the proper district.

IT IS THEREFORE ORDERED that Petitioner's Motion [Doc. #2] seeking to supplement his filing is granted.

IT IS FURTHER ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion be denied and that this action be dismissed *sua sponte* without prejudice to Petitioner filing an appropriate action in the proper district or pursuing any further remedies or requests within the Bureau of Prisons.

This, the 3rd day of January, 2018.

      /s/ Joi Elizabeth Peake
    United States Magistrate Judge