IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LEWIS THOMAS CORNELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:17-CV-878 |
| | ) | 1:00-CR-204-3 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

In 2000, the petitioner Lewis Cornell was convicted of conspiracy to distribute crack cocaine and sentenced to 360 months of imprisonment. 1:00-CR-204-3 at Doc. 299. His sentence was later reduced to 240 months. Doc. 591. Last fall, he filed a "Motion for Modification or Reduction of Term of Imprisonment or Request that the Court Order the Federal Bureau of Prisons to Do So Pursuant to 18 U.S.C. § 3582(C)(1)(A)," which the Clerk docketed in a new civil case as a petition pursuant to 28 U.S.C. § 2241. 1:17-CV-787 at Doc. 1.[1] He contends that he is entitled to "compassionate release" under the statutory provision authorizing the Director of the BOP to move for a modification on an inmate's sentence if "extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)(A)(i).

In his motion, Mr. Cornell asserts that the Court has jurisdiction to grant his motion and reduce his sentence because extraordinary reasons exist under Title 18 of the

---

[1] The motion has since been docketed in Mr. Cornell's criminal case as well. *See* 00-CR-204-3 at Doc. 609.

United States Code § 3582(c). Doc. 1 at 2. He asks the Court to reduce his sentence or to exercise its inherent power to recommend or direct the Director of the BOP to either agree to a sentence reduction or to file a motion to reduce his sentence. Doc. 1 at 9. He relies on *United States v. Holloway*, 68 F. Supp. 3d 310, 311 (E.D.N.Y. 2014) and *United States v. Fountain*, No. CRIM. A. 91-63-16, 1993 WL 534219, at *1 (E.D. Pa. Dec. 17, 1993) for the proposition that the Court has inherent authority to recommend that the Director file the compassionate release motion.

On January 3, 2018, the United States Magistrate Judge filed an Order and Recommendation, Doc. 3, pursuant to 28 U.S.C. § 636. The Magistrate Judge concluded that § 3582(c)(1)(A) only authorizes the Court to act when the Director of the Bureau of Prisons files a motion and found no statutory basis for the Court to "intervene in the process." Doc. 3 at 1-2. The Magistrate Judge further concluded that to the extent Mr. Cornell was challenging the decision by the Director not to file such a motion, that issue could only be raised by a § 2241 petition for habeas corpus brought in the district where Mr. Cornell is in custody. Doc. 3 at 2-3. The Magistrate Judge recommended denial of the motion without prejudice to a § 2241 motion in the proper district. Doc. 3 at 3.

Mr. Cornell timely filed objections.[2] Doc. 5. He no longer contends that the Court should order the BOP to file a compassionate release motion, but he does contend

---

[2] The Court has reviewed Mr. Cornell's objections *de novo*.

that the Court has the power to recommend to the BOP that it file such a motion. He further disputes the Magistrate Judge's conclusion that his motion should be treated as a § 2241 petition.

Mr. Cornell cites several cases which hold that § 2241 does not authorize judicial review of the BOP's decision not to file a motion for compassionate release. *Waters v. Rios*, No. 17-CV-1367 (SRN/DTS), 2017 WL 3635315, at *1 (D. Minn. May 18, 2017), *report and recommendation adopted,* No. 17-CV-1367 (SRN/DTS), 2017 WL 3668761 (D. Minn. Aug. 23, 2017); *Gutierrez v. Anderson*, Civ. No. 06-1714(JRT/JSM), 2006 WL 3086892 (D. Minn. Oct. 30, 2006); *Morales v. United States,* 353 F. Supp. 2d 204, 205 (D. Mass. 2005).[3]

There are, however, cases which hold that § 2241 is or may be an appropriate vehicle for an inmate's request for compassionate release. *See, e.g.*, *Monsivais v. Fox*, No. CV 15-09695-R (KS), 2016 WL 768852, at *1 n.1 (C.D. Cal. Jan. 28, 2016); *Harvey v. United States*, No. 08 CIV. 7487, 2009 WL 1939719, at *2 (S.D.N.Y. July 6, 2009); *United States v. Maldonado*, 138 F. Supp. 2d 328, 332 (E.D.N.Y. 2001). And, as noted by the court in *Waters*, "[s]everal courts have addressed issues related to compassionate

---

[3] The Magistrate Judge did not cite any cases which specifically hold to the contrary, relying instead on *Youngworth v. U.S. Parole Comm'n*, 728 F. Supp. 384, 388 (W.D.N.C. 1990) for the proposition that "where a petitioner attacks the execution and not the imposition of a sentence, his petition invokes 28 U.S.C. § 2241." Doc. 3 at 2. *Youngworth* does hold that, but it is not a case where the petitioner was seeking compassionate release.

release presented in a habeas petition without directly considering whether that was the appropriate vehicle to do so." *Waters*, 2017 WL 3668761, at *2 (collecting cases).

Because Mr. Cornell specifically disclaims relief before this Court pursuant to § 2241, the Court need not decide this issue. Instead, the Court will treat the motion as it is presented by Mr. Cornell: as a § 3582(c)(1)(A) motion.

As Mr. Cornell indirectly recognizes by abandoning his claim that the Court should order the BOP to file a compassionate leave motion, the cases – including those cited by Mr. Cornell - unanimously hold that § 3582(c)(1)(A) does not give the district courts any authority to review the BOP's decision not to file a motion for compassionate release. *Waters*, 2017 WL 3635315, at *1; *Gutierrez,* 2006 WL 3086892, at *2; *Morales,* 353 F. Supp. 2d at 205; *Glowka v. Zeigler*, No. 5:13-CV-15324, 2014 WL 37087, at *4 (S.D.W. Va. Jan. 6, 2014). Many other courts have agreed. For example, the Fourth Circuit by unpublished opinion has held that a prisoner cannot seek review of the BOP's refusal to file a compassionate relief motion pursuant to 18 U.S.C. § 3582(c)(1)(A), the statute on which Mr. Cornell relies. *United States v. Dowdell*, 669 F. App'x 662 (4th Cir. 2016); *accord*, *Cruz-Pagan v. Warden, FCC Coleman-Low*, 486 F. App'x 77, 79 (11th Cir. 2012); *DeLuca v. Lariva*, 586 F. App'x 239, 240 (7th Cir. 2014) (holding that the BOP's decision not to move for compassionate relief is "judicially unreviewable"); *see*, *e.g.*, *Crowe v. United States*, 430 F. App'x 484, 485 (6th Cir. 2011) (collecting cases from 7th, 9th, and 11th Circuits); *Meyer v. U. S. Bureau of Prisons*, No. 3:17-CV-434-MOC, 2017 WL 3725613, at *5 (W.D.N.C. Aug. 29, 2017) (holding that

"there is no legal basis for the Court to grant Petitioner relief under § 3582(c)(1)(A) absent the Bureau of Prisons' motion [for compassionate relief], which it has chosen not to pursue in this case."); *Burrell v. United States*, No. 7:11-CR-00147-F-1, 2015 WL 5021947, at *3 (E.D.N.C. Aug. 21, 2015) (holding that "[t]he BOP's decision to deny Burrell's request for compassionate release is not reviewable by this court."); *see also United States v. Hudson*, 44 F. App'x 457, 458 (10th Cir. 2002) (noting that only the Director of the BOP can make a motion for early release pursuant to § 3582(c)(1)(A)(i)).

In his motion and in his objections, Mr. Cornell asks the Court to "use its auxiliary power to achieve the ends of justice," and to "recommend that the BOP file a § 3582(c)(1)(A) motion." Doc. 5 at 3; *see* Doc. 1 at 9. He relies on *Fountain*, 1993 WL 534219, at *1, in which a district court made such a recommendation to the BOP, and on *Holloway*, 68 F. Supp. 3d 310, in which the district court recommended to the United States that it not oppose a Rule 60(b) motion related to resentencing.

The court does not find either of these cases persuasive. In *Fountain*, the court did not discuss its authority to make such a recommendation, nor did it evaluate any other factors beyond its belief that there was "considerable merit" to defendant's request in deciding to make its recommendation. *Fountain*, 1993 WL 534219, at*1.[4] As best the

---

[4] In the other case cited by Mr. Cornell, *Lucas v. United States*, the court noted that *Fountain* provided "some limited authority for the proposition that a district court might recommend that the BOP move for a sentence modification." No. 11-CV-2229 CBA, 2011 WL 4056060 at *3 (E.D.N.Y. Sept. 12, 2011). That court, however, did not hold that it had the power to make such a recommendation; instead, it held it merely "suppose[ed] that the Court has the authority to recommend a modification motion," before declining to make such a recommendation. *Id.* at 3.

Court can tell, no other court has followed the lead of the *Fountain* court to make a similar recommendation.

The facts of *Holloway* are significantly different from those here. Mr. Cornell has not filed a Rule 60(b) motion, and § 3582(c)(1)(A) does not authorize a motion for compassionate release by the government. For the same reasons, the summary order entered in *United States v. Tate*, 3:94CR147, Doc. 151 (W.D.N.C. 2017), does not support Mr. Cornell's motion here. Moreover, the Fourth Circuit has not approved the rationale applied in *Holloway*, and it appears that every district court within this Circuit which has addressed the issue has declined to apply *Holloway* to reduce a defendant's sentence. *See, e.g., United States v. Carrizoza*, No. 1:02-CR-00045-MR-1, 2017 WL 2951920, at *2 (W.D.N.C. July 10, 2017); *Green v. United States*, No. 4:06-cr-01322-TLW-4, 2017 WL 679644, at *3 (D.S.C. Feb. 12, 2017) ("Notably absent from *Holloway* is an explanation of any statutory or constitutional basis for vacating Holloway's convictions."); *Slade v. United States*, Nos. 4:08-CR-3-FL, 4:13-CV-132-FL, 2016 WL 3911918, at *4 (E.D.N.C. July 15, 2016) ("*Holloway* is not binding on this court, and it involved different charges and resentencing considerations."), *appeal dismissed*, 675 F. App'x. 360 (4th Cir. 2017); *Wade v. United States*, Nos. JKB-15-3372, JKB-77-0565, 2015 WL 7732834, at *2 (D. Md. Nov. 30, 2015) ("While the *Holloway* ruling is educational and the court is sympathetic to Wade's documented medical situation, it finds no basis to apply the benefits of the *Holloway* decision, a New York federal district court ruling, to Wade's criminal cases.").

Nothing in § 3582(c) gives the Court the authority to make a recommendation to the BOP. Congress has made initiation of the compassionate release program an executive function under the control of the Bureau of Prisons and there has been no claim that the BOP has not followed its own rules or has violated Mr. Cornell's constitutional rights in the way it runs the program or applies the rules to him. Courts are ordinarily not in the business of offering advisory opinions. Moreover, it would be unusual to say the least for a court to initiate the compassionate leave process by making a "recommendation" to the BOP and then to rule on the selfsame motion by the BOP once it was made. Indeed, such a process might well raise a question about the court's impartiality.

The court's inherent authority is generally vested to manage the affairs of the court, *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630 (1962), and must be exercised with caution. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991). It is not a license to intervene in decisions committed to the discretion of the Bureau of Prisons. To the extent the Court has discretion to make such a recommendation in its inherent authority, the Court declines to exercise it here. *See generally*, *United States v. Lucas*, 460 F. App'x 86, 87 (3d Cir. 2012) (upholding district court's decision to deny an inmate's motion to issue a non-binding recommendation to the BOP and noting that while "no statute or rule limits the District Court's discretion in issuing a non-binding recommendation," such an action is not explicitly authorized by statute.)

7

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

1. The "Motion for Modification or Reduction of Term of Imprisonment or Request that the Court Order the Federal Bureau of Prisons to Do So Pursuant to 18 U.S.C. § 3582(C)(1)(A)," Doc. 609, is **DENIED**.

2. The § 2241 civil action opened as a result of the filing of this motion is **DISMISSED** without prejudice.

3. Finding no substantial issue for appeal concerning the denial of a constitutional right, nor a debatable procedural ruling, a certificate of appealability is **DENIED**.

This, the 26th day of March, 2018.

_____
UNITED STATES DISTRICT JUDGE